**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **JESSICA DUARTE** § | |
| Plaintiff § | |
| § | |
| v. § | **CIVIL ACTION NO. 1:18-cv-00388** |
| § | |
| **LIBERTY INSURANCE** § | |
| **CORPORATION** § | |
| Defendant § | |

**NOTICE OF REMOVAL OF ACTION**
**UNDER 28 U.S.C. §§ 1332 and 1441(b) (DIVERSITY)**

TO THE HONORABLE JUDGE:

Defendant Liberty Insurance Corporation ("Liberty"), hereby petitions this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 for removal, on the basis of diversity jurisdiction, to the United States District Court for the Western District of Texas, Austin Division, of the action styled *Jessica Duarte v. Liberty Insurance Corporation;* Cause No. 18-0180-C368, currently pending in the 368th Judicial District Court of Williamson County, Texas (the "State Court Case"), and in support thereof would respectfully show this Court as follows:

**I.**
**FACTS**

1.  Plaintiff filed suit in the State Court Case on February 9, 2018, as the result of a dispute regarding a claim made under her homeowner's insurance policy. Plaintiff alleges that Liberty breached the contract of insurance when, after Plaintiff suffered "a significant loss," Liberty "failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy." Plaintiff's Original Petition (the "Petition"), at page 2. Liberty was served with the Petition and citation on April 9, 2018. Liberty timely filed its Original Answer on April 27, 2018 and generally denied that Plaintiff is entitled to any insurance benefits. A true and correct copy of all pleadings, process, orders and correspondence served in this action is attached hereto

as Exhibit "A" and incorporated herein by reference.

2. Plaintiff alleges that Liberty breached the insurance contract, violated provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act, and breached the duty of good faith and fair dealing. Petition, at pages 8-11. Plaintiff further claimed that Liberty's conduct was committed knowingly and intentionally and is therefore additionally liable for damages under 17.50(b)(1) of the DTPA as well as operative provisions of the Texas Insurance Code, thus entitling Plaintiff to statutory penalty interest damages allowed by Section 542.060 of the Texas Insurance Code. Petition, at pages 8-14.

3. In accordance with standard Texas practice, Plaintiff's Petition fails to specifically state the total amount of damages sought in this action, only generally alleging monetary relief of "$100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees." Petition, at page 14. Plaintiff claims that as a result of a sudden water leak, Plaintiff suffered extensive property damage and Liberty failed to adequately cover the loss. *See* Plaintiff's Demand Letter, attached hereto as Exhibit "B." As a result, Plaintiff sought another opinion from All American Public Adjusters, LLC whose estimate totaled $55,009.88. *Id*.

4. In addition to seeking these actual economic damages, Plaintiff further pled that such acts were committed knowingly and intentionally and that Plaintiff is entitled to recover additional damages as authorized by the DTPA and the Texas Insurance Code. Petition, at pages 14-15. Plaintiff further pled that Liberty's breach of its duty of good faith and fair dealing was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined by the Texas Civil Practice and Remedies Code. Petition, at page 15. Plaintiff therefore seeks "exemplary damages in an amount to be determined by the finder of

fact that is sufficient to punish Defendant for their wrongful conduct" and to deter others. *Id.* These additional claimed damages are properly included in the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). The insurance policy at issue has a Dwelling limit of $351, 600.00. Accordingly, Plaintiff seeks damages in excess of $75,000.00, exclusive of interest and costs.

5. Complete diversity exists between the Plaintiff and Defendant Liberty now as well as on the date of filing of the State Court Case. Plaintiff is a citizen and resident of the State of Texas. Petition, at page 1. Defendant Liberty is an insurance company incorporated in the State of Illinois and its principal place of business is Boston, Massachusetts. Liberty is a citizen of the Commonwealth of Massachusetts and not the State of Texas.

6. Plaintiff made a jury demand in the State Court case. Petition, at page 12.

7. This is a civil action which may be removed to this Court by Defendant Liberty pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1332(a) in that it is between citizens of different states; it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs; and Liberty is not a citizen of the State of Texas.

## II.
## PROCEDURAL REQUIREMENTS

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

9 Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Williamson County, Texas promptly after the filing of this Notice.

10. Attached hereto and incorporated herein, are the following items:

    Exhibit A:    A true and correct copy of all pleadings, process, and orders served in this action.

    Exhibit B:    Demand Letter sent by Plaintiff to Liberty and dated November 7, 2017

    Exhibit C:    State Court docket sheet.

    Exhibit D:    List of all counsel of record.

    Exhibit E:    Index of all documents filed with the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant Liberty Insurance Corporation request that this action be removed from the 368th Judicial District Court of Williamson County, Texas to the United States District Court for the Western District of Texas, Austin Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**HANNA & PLAUT, L.L.P.**
211 East Seventh Street, Suite 600
Austin, Texas 78701
Telephone:   (512) 472-7700
Facsimile:    (512) 472-0205

By:  /s/Catherine L. Hanna
      Catherine L. Hanna
      State Bar No. 08918280
      Email: channa@hannaplaut.com
      Tara D. Mireur
      State Bar No. 24001959
      Email: tmireur@hannaplaut.com

**ATTORNEYS FOR LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of May 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Pace Rodgers Law
Clare L. Pace
1718 San Pedro
San Antonio, Texas 78212
crodgers@pacerodgerslaw.com
*Attorneys for Plaintiff*

By:  /s/Catherine L. Hanna
      Catherine L. Hanna